# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

January 6, 2012

MEMORANDUM TO COUNSEL

    Re:    *Malcolm Lee Armes v. Talbot County, Maryland*
            Civil No.: ELH-11-03315

Dear Counsel:

      As you know, plaintiff filed suit on November 18, 2011, alleging gender discrimination under Title VII of the Civil Rights Act of 1964, as well as a claim for breach of contract under the common law of Maryland. Defendant promptly filed "Defendant's Motion To Dismiss Or, Alternatively, For Summary Judgment (the "Motion," ECF 4), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Seven exhibits were submitted by defendant in support of the Motion.

      A Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts as alleged by the plaintiff are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), the Court must "'accept[] as true the well-pled facts in the complaint and view[] them in the light most favorable to the plaintiff.'" *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted).

      As the Fourth Circuit has explained, the purpose of a Rule 12(b)(6) motion is "'to test the sufficiency of a complaint.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ____, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that survives a motion to dismiss allows the plaintiff to "unlock the doors of discovery." *Iqbal*, 129 S. Ct. at 1950.

      Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, Rule 12(d) permits a court, in its discretion, to consider extrinsic matters presented with a motion under Rule 12(b)(6). In that circumstance, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for

summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which states that a court "shall grant summary judgment if the movant movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." As a general rule, summary judgment is appropriate only after "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992). Generally, "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986). *See also Harrods Limited v. Sixty Internet Domain Names,* 302 F.3d 214, 246-47 (4th Cir. 2002); *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

After review of the briefing of the Motion, I am satisfied that plaintiff has met the plausibility standards established by *Twombly, Iqbal,* and their progeny. I am also of the view that summary judgment would be premature, as discovery has not yet commenced.

To be sure, plaintiff did not submit an affidavit under Rule 56(d), asserting a need for discovery to justify his opposition to the Motion. But, even in the absence of such an affidavit, summary judgment may be premature. *See Harrods Limited*, 302 F.3d at 244. In his opposition, defendant posits that material facts are in dispute and summary judgment is "inappropriate" and "premature." *See* "Memorandum In Support Of Plaintiff's Opposition To Defendant's Motion To Dismiss Or, Alternatively, For Summary Judgment" ("Opposition," ECF 5-1 at 3, 4). He reasons that "the primary issue is one of discriminatory or retaliatory intent and motive. *Hardin v. Pitney-Bowes*, *Inc.,* 451 U.S. 1008, 1008 (1981)." Opposition at 3.

It may be that, ultimately, the arguments advanced by defendant in the Motion prove to be meritorious. I am persuaded, however, that a factual record needs to be developed before addressing the issues raised by defendant's Motion, particularly as to the discrimination claim. Accordingly, defendant's Motion is denied, without prejudice.

**Enclosed is a proposed Scheduling Order with dates for your consideration. Please consult with one another with respect to the proposed schedule. I conference call will be held on January 27, 2012, at 10:00 a.m., to discuss the proposed schedule. I ask counsel for plaintiff to initiate the call to defense counsel and then to chambers.**

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                                              Sincerely,

                                              /s/
                                            Ellen Lipton Hollander
                                            United States District Judge

Enclosure